UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ZAKIRA HOSSAIN RENU and SAKHAYAT HOSSAIN,

                        Plaintiffs,

               v.

3694 LOWER EAST SIDE PIZZA, LLC and ROBERT COOKSTON, in his individual and professional capacities,

                        Defendants.
------------------------------------------------------------- X

Civil Case No.

**COMPLAINT**

**Jury Trial Demanded**

## PRELIMINARY STATEMENT

1. The pattern of retaliation by Defendant Robert Cookston simply has no end. Plaintiffs Zakira Hossain Renu and Sakhayat Hossain are former hard-working and dedicated employees of a Domino's franchise on the Lower East Side of Manhattan owned by the now well-known Robert Cookston, one of the largest Domino's franchisee owners in New York. Ms. Renu and Mr. Hossain (who are mother and son) were both callously and unlawfully terminated from their employment approximately one month apart, in blatant retaliation for complaining about Defendants' failure to pay them the wages which they had earned and to which they were lawfully entitled.

2. Plaintiffs, who have opted in to and are class members in a separate pending wage and hour class and collective action brought against Defendants, as well as against Domino's' corporate entities and other Domino's franchises owned by Cookston,[1] now bring this action pursuant to the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA") and New

---

[1] See Kucher v. Domino's Pizza, Inc. et al., No. 16-cv-02492 (AJN)

York Labor Law ("NYLL") to seek redress against Defendants for unlawfully terminating their employment in retaliation for their protected activity.

3.     Mr. Cookston – who once bragged in an interview with CNN that he lives an "insanely comfortable" life[2] – has made quite a reputation for himself as an employer who skirts the law when it comes to wage payments and then brashly retaliates against employees who have the nerve to complain that they are not being paid properly.

4.     In 2013, Mr. Cookston was the subject of a probe by the New York State Attorney General's ("NYS AG") Office involving claims of unlawful retaliation against employees who complained about wage violations.  In that dispute, it appears that numerous employees had complained to the Domino's franchisee of being paid below minimum wage and were terminated as a result.[3]  Pursuant to an "Assurance of Discontinuance" with the NYS AG, Mr. Cookston was required to reinstate the employment of 25 former employees.  Attorney General Eric Schneiderman stated:

> **"New York's labor laws exist to ensure the protection and fair treatment of employees in the workplace. My office will take swift action where there is any indication that an employer may have retaliated against workers for complaining about illegal labor conditions."**

5.     Defendants' retaliatory conduct towards Ms. Renu and Mr. Hossain is even more remarkable because it occurred just mere months after Defendants were also specifically accused of terminating the employment of Riad Kucher, the lead named plaintiff in <u>Kucher, et al. v. Domino's Pizza, Inc., et al.</u>, 16-cv-2492 (AJN), in retaliation for his complaints about not receiving his wages.

---

[2]     http://money.cnn.com/2013/04/24/smallbusiness/dominos-deliveryman/
[3]     Information available at:  http://www.ag.ny.gov/press-release/ag-schneiderman-secures-agreement-requiring-reinstatement-dominos-workers and http://www.ag.ny.gov/pdfs/AOD_December_12_2013.pdf.

6. Furthermore, in <u>Kucher</u>, it was alleged that three days after Mr. Kucher filed an action in this Court, two managers showed up at Mr. Kucher's and his brother's home (Mr. Kucher's brother is a former employee of Mr. Cookston as well) uninvited, and told Mr. Kucher's brother that they would "kill me and my brother," because they filed a case.

7. On top of that, Amanul Boby, an opt-in plaintiff in <u>Kucher</u>, alleged that Mohammed Mohsin, one of the same managers who showed up at Mr. Kucher's home, showed up at Mr. Boby's home and spoke to his parents. Attempting to capitalize on the fact that Mr. Boby and his family live and have connections in the same community as Mr. Mohsin, Mr. Mohsin told Mr. Boby's parents that Mr. Boby should drop his claims because, if he did not, Mr. Mohsin would be terminated from his employment.

8. Another opt-in plaintiff in <u>Kucher</u>, Omar Faruk, alleged that after that action was filed, and after the Court ordered that Mr. Cookston send a letter to all managerial staff reiterating that retaliating against employees is prohibited by law, he too was retaliated against by a manager employed by Mr. Cookston.

9. Mr. Faruk alleged that the manager demanded to know whether Mr. Faruk had joined the <u>Kucher</u> action, and then attempted to intimidate Mr. Faruk by stating that "Domino's has a very strong lawyer," and warning him that "the case is fake, don't waste your time."

10. As such, the retaliatory conduct towards Ms. Renu and Mr. Hossain is not a "one off" or an anomaly, but the continuation of either a formal company policy to retaliate against employees who complain, or the company acquiescing to and turning a "blind eye" to blatant retaliation that Mr. Cookston is well aware is happening on his watch.

11. Clearly, Defendants have not abided by their promises to refrain from unlawful, retaliatory conduct against employees who complain about the deprivation of their wages. This

action seeks to hold them accountable to the fullest extent possible under the law for this continuing and ongoing egregious behavior.

## JURISDICTION AND VENUE

12. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

13. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

14. Pursuant to NYLL § 215(2)(b), contemporaneously with the commencement of this action, Plaintiffs will serve a copy of this Complaint upon the Office of the Attorney General, providing notice of the claims set forth in this action.

## PARTIES

15. Plaintiff Zakira Hossain Renu is a resident of New York State and was employed by Defendants as a Customer Service Representative ("CSR") from in or around February 2016 through July 2016 at 3694 Lower East Side Pizza, LLC ("LES Pizza"), the Domino's restaurant owned and operated by Defendant Cookston, located at 205 Allen Street, New York, New York. At all relevant times, Ms. Renu was an "employee" within the meaning of all applicable statutes.

16. Plaintiff Sakhayat Hossain is a resident of New York State, and was employed by Defendants as an Assistant Store Manager ("ASM") from in or around 2012 through August 2016, at LES Pizza, the Domino's restaurant owned and operated by Defendant Cookston, located at 205 Allen Street, New York, New York 10002. At all relevant times, Mr. Hossain was an "employee" within the meaning of all applicable statutes.

17.     3694 Lower East Side Pizza, LLC is a New York domestic limited liability company, located at 205 Allen Street, New York, New York 10002, owned and operated by Defendant Cookston.  3694 Lower East Side Pizza, LLC is and/or remains an "employer" of Plaintiffs at all relevant times and under all relevant statutes.

18.     Defendant Robert L. Cookston is the franchisee, owner and operator of LES Pizza and dozens of other Domino's franchises located throughout the United States.  Upon information and belief, Mr. Cookston is a resident of the state of Connecticut.  Mr. Cookston is and/or remains an "employer" of Plaintiffs at all relevant times and under all relevant statutes.

## FACTUAL ALLEGATIONS

19.     Throughout their respective periods of employment with Defendants, Plaintiffs were routinely not paid their earned wages, including not being paid at or above the minimum wage rate for all hours worked, or at the overtime rate of pay for hours worked above 40 in a workweek.

20.     At times, Defendants would fail to pay Plaintiffs their earned wages by forcing Plaintiffs to work significant time "off-the-clock," meaning work performed while Plaintiffs were not actually clocked-in to work, and by then not paying Plaintiffs for this work.

21.     Defendants would also artificially "adjust" the number of hours Plaintiffs were recorded as having worked down to inaccurate, reduced numbers of hours, and would then coerce Plaintiffs into signing documents that purportedly justified these changes for fear that they would not receive any wages at all, or worse, be fired if they did not cooperate.  Defendants would then knowingly pay Plaintiffs wages corresponding to fewer hours than Plaintiffs had actually worked.

22. Defendants would also fail to simply pay *any* wages at all owed to Plaintiffs for weeks on end.

23. This routinely happened to Plaintiff Renu. Specifically, Abdul Mannaf, who held the title of Supervisor at LES Pizza, would often simply fail to give Ms. Renu her weekly paycheck.

24. In mid-July 2016, Ms. Renu and Mr. Hossain both complained to Mannaf about, among other things, Defendants' failure to give Ms. Renu her paycheck.

25. Plaintiffs' complaints were based on their belief and understanding that Defendants were engaging in conduct that violated the FLSA and NYLL, including by denying them the minimum, overtime and straight time wages to which they were entitled.

26. In response to their protected complaints, Mr. Mannaf callously terminated Ms. Renu's employment, and specifically stated that he was doing so because Ms. Renu and Mr. Hossain were "complaining too much" about not receiving their wages.

27. Approximately a month later, in mid-August 2016, after Mr. Hossain again complained to Mr. Mannaf about Defendants' continued failure to pay the wages owed to Ms. Renu earned before her firing, as well as their failure to pay wages owed to him, Mr. Mannaf terminated Mr. Hossain's employment.

28. Mr. Mannaf expressly cited the fact that Mr. Hossain was complaining about his and his mother's unpaid wages as the reason Mr. Hossain was fired.

### **FIRST CAUSE OF ACTION**
**(Retaliation in Violation of the FLSA, 29 U.S.C. § 215)**
*Against All Defendants*

29. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

30. Defendants retaliated against Plaintiffs in violation of the FLSA by terminating their employment because of their complaints regarding, *inter alia*, Defendants' unlawful employment practices under the FLSA.

31. As a direct and proximate result of the unlawful retaliatory conduct in violation of the FLSA, Plaintiffs have suffered and continue to suffer monetary and/or other economic harm for which they are entitled to an award of monetary damages and other relief.

32. As a direct and proximate result of the unlawful discriminatory conduct in violation of the FLSA, Plaintiffs have suffered emotional distress for which they are entitled to an award of monetary damages and other relief.

33. The foregoing conduct of Defendants constitutes willful violations of the FLSA for which Plaintiffs are entitled to an award of punitive and/or liquidated damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of NYLL § 215)
*Against All Defendants*

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants retaliated against Plaintiffs in violation of the NYLL by terminating their employment because of their complaints regarding, *inter alia*, Defendants' unlawful employment practices under the NYLL.

36. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYLL, Plaintiffs have suffered and continue to suffer monetary and/or other economic harm for which they are entitled to an award of monetary damages and other relief.

37. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYLL, Plaintiffs have suffered emotional distress for which they are entitled to an award of monetary damages and other relief.

38. The foregoing conduct of Defendants constitutes willful violations of the NYLL for which Plaintiffs are entitled to an award of punitive and/or liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Order that Defendants be enjoined from engaging in any further unlawful and retaliatory conduct under the FLSA and/or NYLL, including but not limited to firing people who engage in protected activity;

C. Award Plaintiffs damages against Defendants and in favor of Plaintiffs, plus such pre-judgment and post-judgment interest as may be allowed by law;

D Award Plaintiffs an additional equal amount as liquidated damages;

E. Award Plaintiffs their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

F. Grant Plaintiffs such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues of fact and damages.

Dated: September 30, 2016
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
David E. Gottlieb
Tanvir H. Rahman
Rita M. Lenane

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile:  (212) 257-6845
dgottlieb@wigdorlaw.com
trahman@wigdorlaw.com
rlenane@wigdorlaw.com

*Attorneys for Plaintiffs*